# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TWIN RIVERS ENGINEERING, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:15-cv-01838-JRG |
| v. | § | |
| | § | Jury Trial Demanded |
| FIELDPIECE INSTRUMENTS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT FIELDPIECE INSTRUMENTS, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Fieldpiece Instruments, Inc. ("Fieldpiece") hereby files this answer to Plaintiff Twin Rivers Engineering, Inc.'s ("Twin Rivers") Original Complaint for Patent Infringement (Dkt. No. 1). Unless specifically admitted below, Fieldpiece generally denies the allegations of the complaint.

## PARTIES[1]

1.    Fieldpiece lacks sufficient knowledge regarding Twin Rivers' incorporation and location, and therefore denies the allegations of paragraph 1 of the Complaint.

2.    Fieldpiece admits that it is a California corporation with its principal place of business at 1900 East Wright Circle, Anaheim, California 92806.

## JURISDICTION AND VENUE

3.    Fieldpiece admits that Twin Rivers has alleged patent infringement under the patent laws of the United States, Title 35 U.S.C. §§ 271, 283, and 28 U.S.C. §§ 1332(a)(1), 1338 and the Lanham Act, 15 U.S.C. §§ 1116, 1125(a) but denies that Twin Rivers is entitled to any

---

[1] The headings to the Complaint are not allegations and, therefore, no response is required. To the extent a response is required, Fieldpiece denies the same.

relief. Fieldpiece denies that this Court has personal jurisdiction and denies the remainder of the allegations of paragraph 3.

4.    Fieldpiece denies that venue is proper in this district and further denies the remaining allegations of paragraph 4.

## FACTS

### a.    The Patent

5.    Fieldpiece admits that what appears to be copies of U.S. Patent Nos. 6,791,088 ("the '088 patent") and 7,022,993 ("the '993 patent") were filed with the Complaint and that they were issued on September 14, 2004 and April 4, 2006, respectively. Fieldpiece denies the remaining allegations of paragraph 5 of the Complaint.

6.    Fieldpiece denies the allegations in paragraph 6 of the Complaint as to the '088 patent as it has been found to be invalid. Fieldpiece admits that the claims of the '933 patent that have not been found to be invalid appear to disclose an infrared leak detector but only to the extent that the remaining claims of the '993 patent are found to be valid. Fieldpiece denies Twin Rivers' characterization of the disclosure provided in the '088 and '993 patents and further denies the remaining allegations of paragraph 6.

### b.    The Business Agreement

7.    Fieldpiece admits that it entered into an agreement with Twin Rivers regarding the '088 and '993 patents on April 17, 2006, but denies Twin Rivers' characterization of the agreement and denies the remaining allegations of paragraph 7 of the Complaint.

8.    Fieldpiece denies Twin Rivers' characterization of the agreement and denies the remaining allegations of paragraph 8 of the Complaint.

### c. The *Inter Partes* Examination

9.    Fieldpiece lacks sufficient knowledge to admit or deny the allegations of paragraph 9 of the Complaint.

10.    Fieldpiece lacks sufficient knowledge to admit or deny the allegations of paragraph 10 of the Complaint.

11.    Fieldpiece lacks sufficient knowledge to admit or deny the allegations of paragraph 11 of the Complaint.

12.    Fieldpiece lacks sufficient knowledge to admit or deny the allegations of paragraph 12 of the Complaint.

13.    Fieldpiece admits that the '088 patent is invalid. Fieldpiece lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 13 of the Complaint.

14.    Fieldpiece denies that any claims of the '993 patent are valid and enforceable. Fieldpiece lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 14 of the Complaint.

15.    Fieldpiece denies the allegations of paragraph 15 of the Complaint.

16.    Fieldpiece denies the allegations of paragraph 16 of the Complaint.

### d. Breach of Contract Litigation

17.    Fieldpiece admits that Twin Rivers sent a letter on or about November 27, 2012, and further states the contents of the letter speak for itself. Fieldpiece denies the remaining allegations of paragraph 17 of the Complaint and denies that such notice is attached to the Complaint.

18.    Fieldpiece admits that what appears to be a copy of a complaint filed on November 27, 2012 in *Twin Rivers Engineering Corp. v. Fieldpiece Instruments, Inc.*, Case No.

6:12-cv-1794-ORL-36TBS, in the United States District Court, Middle District of Florida, Orlando Division was filed with the Complaint as Exhibit E. Fieldpiece denies Twin Rivers' characterization of that complaint and denies the remaining allegations of paragraph 18 of the Complaint.

19.     Fieldpiece admits that Judge Honeywell entered a judgment regarding the parties' claims on March 18, 2014. Fieldpiece denies that paragraph 19 is a verbatim description of that court's order and to the extent Twin Rivers mischaracterizes that judgment, Fieldpiece denies the allegations of paragraph 19 of the Complaint.

20.     Fieldpiece admits that what appears to be a copy of District Judge Paul G. Byron's November 3, 2014, order was filed with the Complaint as Exhibit F and that the order amended judgement. To the extent Twin Rivers mischaracterizes that order, Fieldpiece denies the allegations of paragraph 20 of the Complaint.

21.     Fieldpiece lacks sufficient knowledge to admit or deny the allegations of paragraph 21 of the Complaint and, therefore, denies the same.

            e.      **Fieldpiece's Infringement of the '993 Patent**

22.     Fieldpiece denies the allegations of paragraph 22 of the Complaint.

23.     Fieldpiece denies the allegations of paragraph 23 of the Complaint.

            f.      **Fieldpiece's False Marking**

24.     Fieldpiece denies the allegations of paragraph 24 of the Complaint.

25.     Fieldpiece admits that an alleged copy of the outside cardboard packaging of the plastic carrying case in which Fieldpiece sold a licensed infrared leak detector, model SRL2K7, was filed with the Complaint. Fieldpiece admits that an alleged copy of a prior user manual for a licensed Fieldpiece infrared leak detector, model SRL2K7, was filed with the Complaint as

Exhibit H. Fieldpiece admits that an alleged copy of a prior promotional flyer for a licensed Fieldpiece's Infrared Refrigerant Leak Detector, model SRL2, was filed with the Complaint as Exhibit I. Fieldpiece admits that the webpages listed in paragraph 25 of the Complaint relate to material supporting licensed Fieldpiece infrared leak detector, model SRL2K7. Fieldpiece denies that any such URLs are linked directly from its website, www.fieldpiece.com, or that it has marked any of its products with the '088 or '993 patents, which were not licensed by Twin Rivers. Fieldpiece denies the remaining allegations of paragraph 25 of the Complaint.

26.     Fieldpiece denies the allegations of paragraph 26 of the Complaint.

27.     Fieldpiece admits that CHY manufactures its infrared leak detector, model SRL2K7, but denies that such manufacture is of any product that infringes the '993 patent (the '088 patent having been found to be invalid) or was otherwise wrongful. Fieldpiece denies the remaining allegations of paragraph 27 of the Complaint.

28.     Fieldpiece denies the allegations of paragraph 28 of the Complaint.

g.      **Fieldpiece's Intent to Injure Twin Rivers**

29.     Fieldpiece denies the allegations of paragraph 29 of the Complaint.

30.     Fieldpiece denies the allegations of paragraph 30 of the Complaint.

31.     Fieldpiece denies the allegations of paragraph 31 of the Complaint.

32.     Fieldpiece denies the allegations of paragraph 32 of the Complaint.

h.      **Fieldpiece Has Caused Market Confusion**

33.     Fieldpiece denies the allegations of paragraph 33 of the Complaint.

34.     Fieldpiece lacks sufficient knowledge to admit or deny the allegations of paragraph 9 of the Complaint related to acts of third parties on a blog posting. To the extent Twin Rivers alleges that such acts evidence market confusion, Fieldpiece denies the same and

denies that Twin Rivers is entitled to any relief. Fieldpiece denies the remaining allegations of paragraph 34 of the Complaint.

35.    Fieldpiece denies the allegations of paragraph 35 of the Complaint.

### i.    Fieldpiece's Patent Application

37.    Fieldpiece admits that it is the assignee of U.S. Patent Application 13/952,505 ("the '505 Application") and that what appears to be a copy of the '505 Application was filed as Exhibit J to the Complaint. Fieldpiece admits that '505 Application discloses an improvement over prior infrared leak detectors, including the one disclosed in the '993 patent. Fieldpiece admits that the named inventors of the invention disclosed in the '505 Application are Rey P. Harju and W. Travis Ault. To the extent Twin Rivers mischaracterizes the prosecution history of the '505 Application, Fieldpiece denies the allegations of paragraph 37 of the Complaint and denies the remaining allegations of paragraph 37 of the Complaint. [2]

38.    Fieldpiece admits that it became aware of the '993 patent when it obtained a license to the same in April 2006 but denies that it has infringed or continues to infringe the '993 patent (the '088 patent having been found to be invalid). Fieldpiece denies the remaining allegations of paragraph 38 of the Complaint.

39.    Fieldpiece denies the allegations of paragraph 39 of the Complaint.

---

[2] Twin Rivers' Complaint is missing paragraph 36. For consistency, Fieldpiece has skipped this paragraph in its Answer.

## CAUSES OF ACTION

### COUNT 1

**Infringement Of U.S. Patent No. 7,022,993 C1 Under 35 U.S.C. §§ 271, 281**[3]

40.    The statement contained in paragraph 40 is not an allegation and, therefore, requires no response. To the extent a response is required, Fieldpiece denies the same. Fieldpiece restates and incorporates herein by reference the responses contained in paragraphs 1 through 39 of this Answer.

41.    Fieldpiece admits that what purports to be a copy of the '993 patent was filed with the Complaint but denies that the '993 patent is valid and/or enforceable. Fieldpiece lacks sufficient knowledge regarding the remaining allegations of paragraph 41, and therefore, denies the same.

42.    Fieldpiece denies Twin Rivers' characterization of the '993 patent and further denies the remaining allegations of paragraph 42 of the Complaint.

43.    Fieldpiece denies the allegations of paragraph 43 of the Complaint.

44.    Fieldpiece denies the allegations of paragraph 44 of the Complaint.

45.    Fieldpiece denies the allegations of paragraph 45 of the Complaint.

46.    Fieldpiece denies the allegations of paragraph 46 of the Complaint.

47.    Fieldpiece denies the allegations of paragraph 47 of the Complaint.

### COUNT 2

**False Marking Under 35 U.S.C. § 292**

48.    The statement contained in paragraph 48 is not an allegation and, therefore, requires no response. To the extent a response is required, Fieldpiece denies the same. Fieldpiece

---

[3] The headings to the "Causes of Action" are not allegations and, therefore, no response is required. To the extent a response is required, Fieldpiece denies the same.

restates and incorporates herein by reference the responses contained in paragraphs 1 through 47 of this Answer.

49.    Fieldpiece denies the allegations of paragraph 49 of the Complaint.

50.    Fieldpiece denies the allegations of paragraph 50 of the Complaint.

51.    Fieldpiece denies the allegations of paragraph 51 of the Complaint.

52.    Fieldpiece denies the allegations of paragraph 52 of the Complaint.

53.    Fieldpiece denies the allegations of paragraph 53 of the Complaint.

54.    Fieldpiece denies the allegations of paragraph 54 of the Complaint.

55.    Fieldpiece denies the allegations of paragraph 55 of the Complaint.

56.    Fieldpiece denies the allegations of paragraph 56 of the Complaint.

## COUNT 3

**Unfair Competition Under Section 43(A) Of The Lanham Act, 15 U.S.C. § 1125(A)**

57.    The statement contained in paragraph 57 is not an allegation and, therefore, requires no response. To the extent a response is required, Fieldpiece denies the same. Fieldpiece restates and incorporates herein by reference the responses contained in paragraphs 1 through 56 of this Answer.

58.    Fieldpiece denies the allegations of paragraph 58 of the Complaint.

59.    Fieldpiece denies the allegations of paragraph 59 of the Complaint.

60.    Fieldpiece denies the allegations of paragraph 60 of the Complaint.

61.    Fieldpiece denies the allegations of paragraph 61 of the Complaint.

62.    Fieldpiece denies the allegations of paragraph 62 of the Complaint.

63.    Fieldpiece denies the allegations of paragraph 63 of the Complaint.

64.    Fieldpiece denies the allegations of paragraph 64 of the Complaint.

65.    Fieldpiece denies the allegations of paragraph 65 of the Complaint.

## <u>TWIN RIVERS' PRAYER FOR RELIEF</u>

Fieldpiece denies that Twin Rivers is entitled to any relief requested.

## DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Fieldpiece alleges and asserts the following defenses in response to the allegations asserted in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Fieldpiece intends to conduct discovery and specifically reserves the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST DEFENSE
## (Failure to State a Claim)

Twin Rivers' Complaint fails to state a claim upon which any relief may be granted against Fieldpiece.

## SECOND DEFENSE
## (Invalidity)

One or more claims of the '993 patent are invalid under Title 35 of the United States Code, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE
## (Non-infringement)

Fieldpiece does not infringe and has not infringed the '993 patent.

## FOURTH DEFENSE
## (Laches, Waiver, Estoppel, and Acquiescence)

Twin Rivers is barred in whole or in part from asserting the '993 patent against Fieldpiece under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

## FIFTH DEFENSE
### (Prosecution History Estoppel and Disclaimer)

By reason of positions taken during prosecution of the application of the '993 patent, Twin Rivers is estopped and otherwise barred from asserting any claim that the '993 patent covers, either literally or under the doctrine of equivalents, any product or method performed by Fieldpiece.

## SIXTH DEFENSE
### (Unclean Hands)

Twin Rivers' claims are barred or abated substantially by the doctrine of unclean hands.

## SEVENTH DEFENSE
### (Limitation on Damages and Costs)

Twin Rivers' claims for relief and prayer for damages are barred by 35 U.S.C. § 287 and/or § 288 and has failed to show any injury in fact.

## EIGHT DEFENSE
### (Claim and Issue Preclusion)

Twin Rivers is barred from asserting any of its claims under the doctrines of res judicata and/or collateral estoppel based upon the claims it asserted and those it failed to assert and the positions it took in *Twin Rivers Engineering Corp. v. Fieldpiece Instruments, Inc.*, Case No. 6:12-cv-1794-ORL-36TBS, in the United States District Court, Middle District of Florida, Orlando Division.

## NINTH DEFENSE
### (Prior License)

Twin Rivers is barred from asserting direct or indirect infringement against Fieldpiece for its use, offer for sale, sale, and/or manufacture of any product that is allegedly covered by the '993 patent during the period of time that Fieldpiece possessed a license to the '993 patent or had otherwise received authorization for such use, offer for sale, sale, and/or manufacture .

Twin Rivers is additionally barred from asserting false marking and/or unfair competition for any products that were marked during the period of time that Fieldpiece possessed a license to the '993 patent or had otherwise received authorization for use, offer for sale, sale, and/or manufacture of any products covered by the '993 patent.

### TEN DEFENSE
### (Patent Misuse)

Upon information and belief, Twin Rivers has misused the '993 patent through commencement and maintenance in bad faith of this action without probable cause in an attempt to obtain market benefit beyond the scope of its rights under the Patent Act.

### ELEVEN DEFENSE
### (No Intent to Deceive)

Without any admission by Fieldpiece that Twin Rivers' claims are valid, to the extent it is found that Fieldpiece falsely marked its products with the '993 patent, Twin Rivers has failed to show that Fieldpiece had knowledge of its false marking or that Fieldpiece had any intent to deceive.

### TWELFTH DEFENSE
### (No Likelihood of Confusion)

Without any admission by Fieldpiece that Twin Rivers' claims are valid, to the extent it is found that Fieldpiece has engaged in unfair competition, Twin Rivers has failed to show any likelihood of confusion.

### RESERVATION OF DEFENSES

Fieldpiece reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in the case.

## COUNTERCLAIMS

Fieldpiece asserts the following counterclaims for declaratory judgments of invalidity and non-infringement of U.S. Patent No. 7,022,993 (the '993 Patent).

1.      On information and belief, Plaintiff Twin Rivers Engineering, Inc. ("Twin Rivers") is a Florida corporation and has its principal place of business at 912 Columbus Avenue, Melbourne, Florida 32901.

2.      Fieldpiece Instruments, Inc. ("Fieldpiece") is a California corporation with its principal place of business at 1900 East Wright Circle, Anaheim, California 92806.

3.      Fieldpiece seeks declarations of invalidity and non-infringement of the '993 patent arising under 28 U.S.C. §§ 2201, 2202, and 21 U.S.C. § 355(c)(3)(D), under Federal Question Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under Title 35 of the United States Code.

4.      This Court has personal jurisdiction over Twin Rivers pursuant to 28 U.S.C. § 1338(a), and venue is proper by virtue of Twin Rivers having availed itself of the jurisdiction of this Court.[4]

5.      Upon information and belief, Twin Rivers is the owner by assignment of all rights, title, and interest in the '993 patent (the '088 patent having been found to be invalid).

6.      Twin Rivers commenced this action against Fieldpiece alleging infringement of the '993 patent.

## COUNT 1 - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,022,993

7.      Fieldpiece repeats and realleges the allegations contained in the above paragraphs of its answer and of its counterclaims, as if fully stated herein.

---

[4] Fieldpiece's assertion of these counterclaims is not an admission, express or implied, that venue of Twin Rivers' claims against Fieldpiece is proper.

8.    As evidenced by the Complaint and Answer, there exists a real and actual controversy between the parties concerning the validity and enforceability of the '993 patent.

9.    Fieldpiece is entitled to a declaratory judgment that all of the claims of the '993 patent are invalid and/or unenforceable for failure to meet one or more of the conditions for patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. §§ 101 *et seq.,* and particularly 35 U.S.C. §§ 101, 102, 103, and 112.

10.    Fieldpiece is entitled to a declaratory judgment that Twin Rivers commenced this action against Fieldpiece with knowledge that the claims of the '993 patent are invalid for failure to comply with one or more of the statutory requirements for patentability as set forth in 35 U.S.C. §§ 100 et. seq., and particularly 35 U.S.C. §§ 102, 103, and 112.

11.    Fieldpiece is entitled to a declaratory judgment that Twin Rivers' activities render this case an exceptional one and that Fieldpiece is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

## COUNT 2 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,022,993

12.    Fieldpiece repeats and realleges the allegations contained in the above paragraphs of its answer and of its counterclaims, as if fully stated herein.

13.    As evidenced by the Complaint and Answer, there exists a real and actual controversy between the parties concerning infringement of the '993 patent.

14.    Fieldpiece is entitled to a declaratory judgment that it has not directly or indirectly infringed and is not directly or indirectly infringing the '993 patent (the '088 patent having been found to be invalid).

15.     Fieldpiece is entitled to a declaratory judgment that Twin Rivers commenced this action against Fieldpiece with knowledge that Fieldpiece has not directly or indirectly infringed and is not directly or indirectly infringing the '993 patent.

16.     Fieldpiece is entitled to a declaratory judgment that Twin Rivers' activities render this case an exceptional one and that Fieldpiece is entitled to an award of its reasonable attorney fees under 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Fieldpiece prays that:

a.      this Court enter a judgment declaring all of the claims of U.S. Patent No. 7,022,993 invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

b.      this Court enter a judgment declaring that Fieldpiece has not infringed any of the claims of U.S. Patent No. 7,022,993 under 35 U.S.C. §§ 271(a), (b), and/or (c);

c.      this Court enter a judgment declaring this case an exceptional case and awarding Fieldpiece its reasonable attorney fees;

d.      this Court dismiss Twin Rivers' Complaint with prejudice and denial of the relief requested; and

d.      this Court enter a judgment awarding Fieldpiece such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Fieldpiece demands a jury trial on all issues that may be determined by a jury.

Dated: January 21, 2016                Respectfully submitted,

                                       BUETHER JOE & CARPENTER, LLC

                                       By:    */s/ Christopher M. Joe*
                                              Christopher M. Joe (*Lead Counsel*)
                                              State Bar No. 00787770
                                              Chris.Joe@BJCIPLaw.com
                                              Niky Bukovcan
                                              State Bar No. 24078287
                                              Niky.Bukovcan@BJCIPLaw.com

                                              1700 Pacific Avenue
                                              Suite 4750
                                              Dallas, Texas 75201
                                              Telephone:    (214) 466-1272
                                              Facsimile:    (214) 635-1828

                                       ATTORNEYS FOR DEFENDANT
                                       FIELDPIECE INSTRUMENTS, INC.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule CV-5(a) and (c), the undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 21st day of January, 2016. Any other counsel of record will be served by facsimile transmission and first class mail.

                                       */s/ Christopher M. Joe*
                                       Christopher M. Joe