**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

_____

TWIN RIVERS ENGINEERING, INC.,

     A Florida corporation,

          Plaintiff,

          v.                          2:15-cv-01838-JRG

FIELDPIECE INSTRUMENTS, INC.,

     A California corporation,

          Defendant.

_____

**PLAINTIFF TWIN RIVERS ENGINEERING'S
MOTION TO STRIKE FIELDPIECE INSTRUMENT'S DEFENSES**

## I.      INTRODUCTION

Plaintiff Twin Rivers Engineering, Inc. ("Twin Rivers") filed its Original Complaint herein on November 24, 2016 against Defendant Fieldpiece Instruments, Inc. ("Fieldpiece").   Fieldpiece filed an Answer on January 21, 2016, asserting a "Reservation of Defenses," twelve affirmative "Defenses;" and two declaratory judgment Counterclaims.  Twin Rivers moves to strike portions of Fieldpiece's Answer pursuant to Rule12(f) of the Federal Rules of Civil Procedure.  Specifically, Twin Rivers requests an order: (1) striking Fieldpiece's Answer's "Reservation of Defenses" as not a proper defense; and (2) striking certain of the Fourth, Sixth, Ninth, Tenth and Eleventh affirmative defenses in Fieldpiece's Answer's as improper, insufficient and failing to put Twin Rivers on "fair notice."

**PLAINTIFF TWIN RIVERS' MOTION TO STRIKE DEFENSES**

## II.    STANDARD OF REVIEW

"Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, at 1057 (5th Cir. La. 1982) (District Court's grant of motion to strike affirmed). Defendants "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Ruscher v. Omnicare Inc.*, 2014 U.S. Dist. LEXIS 149667, at 6 (S.D. Tex. Oct. 21, 2014) Motion to strike granted in part, denied in part).

The courts recognize that Motions to strike serve the useful purpose of removing unnecessary clutter from a case:

> Motions to strike, however, may serve a useful purpose by eliminating insufficient defenses and saving the time and expense in litigating issues which will not affect the outcome of the case.  Put another way, one purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

*United States v. Consolidation Coal Co.*, 1991 U.S. Dist. LEXIS 15229, at 4 (W.D. Pa. July 5, 1991) (internal citations omitted).

## II.    ARGUMENT

### A.  THE COURT SHOULD STRIKE FIELDPIECE'S "RESERVATION OF DEFENSES"

In a section of Fieldpiece's Answer headed "Defenses," Fieldpiece purports to reserve unasserted defenses:

RESERVATION OF DEFENSES

Fieldpiece reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any

other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in the case.

Rule 8(c) does not support any reservation of rights, to the contrary:

> Rule 8(c) requires a defendant to set forth affirmative defenses in an answer. In effect, if an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof unless an amendment to set forth the affirmative defense is properly made.

*Consolidation Coal, supra,* 1991 U.S. Dist. LEXIS 15229 at 26 (internal punctuation omitted).

As the court held in *Consolidation Coal*, "this reservation of defenses serves no purpose and will be stricken."  *Id.* (internal citations omitted).  *Accord, Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 2014 U.S. Dist. LEXIS 112437 (S.D.N.Y. Aug. 12, 2014); *Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402 (N.D. Cal. Oct. 9, 2012) (A "defense purporting to reserve future affirmative defenses is therefore redundant and immaterial.").

Given this Court's expanded amendment period for pleadings there is even less reason to tolerate the Fieldpiece's attempt to reserve unpleaded defenses than in the Pennsylvania, New York and California courts.

### B. THE COURT SHOULD STRIKE CERTAIN OF FIELDPIECE'S AFFIRMATIVE DEFENSES

Fieldpiece has asserted 18 defenses, 17 of which are in 12 enumerated defenses. First, some of the numbered defenses include up to four defenses under one heading with a buffet style "and/or" connector, creating ambiguity as to which if any of the aggregated defenses is actually pleaded.

Second, Rule 8(b)(1(A) of the Federal Rules requires that defenses be matched "to each claim:"

**PLAINTIFF TWIN RIVERS' MOTION TO STRIKE DEFENSES**　　　　　**PAGE 3**

> In responding to a pleading, a party must:
>
> (A)    state in short and plain terms its defenses to each claim asserted against it.

If Rule 8(b)(1)(A) had contemplated indiscriminately dumping all affirmative defenses into a common bucket of defenses, it would not require stated defenses to "each claim" but would instead refer collectively to: "the claims asserted" or "all claims asserted."

Third, all of Fieldpiece's asserted defenses simply name the defense. None alleges a single fact in support of the purported affirmative defense. Defendants "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (footnote omitted). In *Woodfield*, the Fifth Circuit recognized that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint;" acknowledged "that in some cases, merely pleading the name of the affirmative defense … may be sufficient;" but held that "baldly 'naming' …broad affirmative defenses … falls well short of the minimum particulars needed to identify the affirmative defense in question … ." *Id.*[1]

In addition to meeting the "fair notice" test, Fieldpiece must assert affirmative defenses that are true affirmative defenses not mere general denials as it has done. In

---

[1] *Woodfield*, a case involving issues of waiver, not a motion to strike affirmative defenses, predates the Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2008). The debate among the courts about whether *Twombly* and *Iqbal's* tightening of pleading requirements apply to pleading affirmative defenses as well as … (*footnote continued)*
…complaints, *Cordero v. Voltaire, LLC*, 2013 U.S. Dist. LEXIS 172532 at 26 (W.D. Tex. Dec. 6, 2013) is inconsequential to this motion because Fieldpiece's affirmative defenses fall short of the "specificity or factual particularity" of the "fair notice" test articulated in *Woodfield*.

**PLAINTIFF TWIN RIVERS' MOTION TO STRIKE DEFENSES**          **PAGE 4**

*Insuremax Ins. Agencies, Inc. v. Shanze Enters.*, 2013 U.S. Dist. LEXIS 110989, at 18 (N.D. Tex. Aug. 7, 2013), Judge Lynn struck purported affirmative defenses as "redundant" and "immaterial" under Rule 12(f) on the ground that they were not affirmative defenses at all, but "'merely defenses' that negate an element of Plaintiffs' *prima facie* case, not "affirmative defenses" that offer a justification" for defendant's actions. *Citing F.T.C. v. Think All Pub. L.L.C.,* 564 F. Supp. 2d 663, 665-66 (E.D. Tex. 2008) (striking a negative defense under Rule 12(f)).

Fieldpiece's **Fourth Defense** pleads "**Laches, Waiver, Estoppel, and/or Acquiescence.**"  First, lumping four unrelated defenses into a single defense is improper, confusing and fails to give plaintiff "fair notice," particularly with its "and/or" multiple choice format.  In *Vogel v. OM ABS, Inc.*, 2014 U.S. Dist. LEXIS 11821, at 6 (C.D. Cal. Jan. 30, 2014), the court struck the separately pleaded affirmative defenses of laches, estoppel and waiver, because the answer "fail[ed] "to set forth any facts regarding how Plaintiff's conduct allegedly gave rise to a defense of laches, estoppel, or waiver."

In *Mayfield v. County of Merced*, 2015 U.S. Dist. LEXIS 22760, at 13-14 (E.D. Cal. Feb. 24, 2015), the court struck three of the four defenses asserted in Fieldpiece's Fourth Defense "[b]ecause the defendant bears the burden of proof on affirmative defenses, the defendant must plead "at least some valid factual basis" in support of its affirmative defense."  As the defendant in Mayfield, Fieldpiece failed to meet its burden. The Court reminded the *Mayfield* defendant that:

> Defendants did little more than provide a formulaic recitation of the elements of the majority of the affirmative defenses presented. In addition, many of the affirmative defenses pled by the Defendants are entirely

inapplicable to this case. This is legal work unbecoming of an officer of this court.

The Mayfield defendants actually did more to comply with good pleading practice than Fieldpiece has done.  Nevertheless, the Mayfield defendants earned a Rule 11 warning from the court:

> The Court warns Defendants to plead only those affirmative defenses applicable to the case and to provide Plaintiff with fair warning of the factual basis for those affirmative defenses. Defendants are reminded of their obligations under Fed. R. Civ. P. 11 (b)(2) to plead only those "claims, defenses, and other legal contentions warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." This Court should not be put to the burden of being the hall monitor for obviously deficient pleadings.

*Id.* at 14-15 (*internal punctuation omitted*).

Second, Fieldpiece's pleading of the defense of Acquiescence should be stricken because it is a species of estoppel and if the affirmative defense of estoppel fails so does the affirmative defense of acquiescence.  *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, at 956-957 (N.D. Cal. 2015).  In *AirWair* the court struck the affirmative defense of acquiescence.  Accord, *Erickson, supra,* 2014 U.S. Dist. LEXIS 112437 at 15 ("Defendants' assertion of acquiescence as an affirmative defense is nonsensical, and we hereby strike it as immaterial and impertinent.").

Accordingly, given its redundancy and uncertainty, the Court should strike Fieldpiece's Fourth Defense in its entirety.

Fieldpiece's **Sixth Defense** claims that unspecified claims "are barred or substantially abated by the doctrine of **unclean hands**." *Codero, supra,* 2013 U.S. Dist. LEXIS 172532 at 33 (motion to strike affirmative defense of unclean hands granted). The court in *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641 (D.N.J. 2009) struck defendants' affirmative defense of unclean hands on the grounds that their theory was

based on plaintiff's promotion of off-label uses for a patented drug.  The court held that defense as being unconnected to the patent claim.   Fieldpiece's unclean hands defense reveals no theory at all, let alone facts, to support it.  The Court should strike Fieldpiece's naked and unmoored unclean hands defense.  *See also Hynix Semiconductor Inc. v. Rambus Inc.,* 2007 U.S. Dist. LEXIS 97677, at 41, 50 (N.D. Cal. Nov. 15, 2007) ("Hynix's motion to strike Rambus' affirmative defense of unclean hands [based on spoliation of evidence] is granted."); *see also Vogel, supra,* 2014 U.S. Dist. LEXIS 11821, at 6-7.

Fieldpiece's **Ninth Defense** of **"Prior License"** is not an affirmative defense at all, but an attempt to foreclose infringement damages for the period of Fieldpiece's prior license to the '993 Patent.  In *Cipa Mfg. Corp. v. Allied Golf Corp.,* 1995 U.S. Dist. LEXIS 7604 (N.D. Ill. May 24, 1995), the court struck the defendant's affirmative defense for setoff, holding that holding that the setoff claim was not an affirmative defense extrinsic to the manufacturer's claim.  In any event, Twin Rivers' Original Complaint makes clear that it is not seeking damages for periods during which Fieldpiece was licensed.  *See* Complaint ¶¶ 7-8, 22-23.

The Court should strike the affirmative defense of "prior license" as not constituting a defense to infringement, as not being a proper affirmative defense, as defending against an allegation not made, and as being superfluous, merely cluttering the record in this case.

Fieldpiece's **Tenth Defense** of **"Patent Misuse"** does nothing more than make a conclusory allegation of "commencement and maintenance" of the instant litigation in "bad faith." This is insufficient because Fieldpiece, as in *Monsanto Co. v. Boggs Farm*

*Ctrs., Inc.,* 2010 U.S. Dist. LEXIS 122776, at 8-9 (E.D. Mo. Nov. 18, 2010) "fails to provide any support that would put Monsanto on notice of the factual basis related to this defense" and omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claim."

Moreover, *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2014 U.S. Dist. LEXIS 102110, at 10, 26 (C.D. Cal. Mar. 24, 2014) held defendants' "bad faith litigation theory of patent misuse," one of six misuse theories, to be untenable and the court barred it from proceeding on that misuse theory.

The Court should strike Fieldpiece's "patent misuse" defense.

Fieldpiece's **Eleventh Defense** of **"No Intent to Deceive"** is not an affirmative defense at all, but merely a general denial of a single element of a *prima facie* case of false marking and offers no justification for Fieldpiece's false marking.  This was grounds for striking a defense in *Insuremax, supra.*, at 4, 2013 U.S. Dist. LEXIS 110989, at 18.

The court should strike Fieldpiece's "no intent to deceive" defense.

Fieldpiece's **Twelfth Defense** of **"No Likelihood of Confusion"** fails for the same reason as its "no intent to deceive" defense.  It is not an affirmative defense but only a denial without explanation of a lone element of Twin Rivers' unfair competition claim.  Mere denial of an element of proof of a claim is grounds fro striking the defense under *Insuremax*, *supra* at 4.

The Court should strike Fieldpiece's "no likelihood of confusion" defense.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, the Court should strike Fieldpiece's Answer

insofar as it purports to reserve unasserted affirmative defenses, and strike Fieldpiece's

Fourth, Sixth, Ninth, Tenth, Eleventh, and Twelfth affirmative defenses.

February 16, 2016,  Respectfully submitted,

Michael C. Smith
michaelsmith@siebman.com
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS, & SMITH LLP
113 East Austin Street
Marshall, Texas 75670
Tel: 903.938.8900
Fax: 972.767.4620

L. Peter Farkas
lpf@farkastoikka.com
Russell O. Paige
rop@farkastoikka.com

**FARKAS + TOIKKA, LLP**

1101 30th Street NW
Washington D.C. 20007
Phone: 202.337.7200
Fax: 202.337.7808

**COUNSEL FOR PLAINTIFF
TWIN RIVERS ENGINEERING, INC.**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel has complied with the meet and confer requirement in local rule CV–7(h) and this motion is opposed. The personal conference required by this rule was conducted telephonically on February 18, 2016 between counsel for plaintiff Peter Farkas, Russell Paige and counsel for defendant Niknaz Bukovcan, and no agreement could be reached because the parties disagree as to whether the defenses referenced in the motion to strike should properly be included in the defendant's pleadings. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

_Michael Smith_
Michael C. Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this the 18th day of February, 2016.

_Michael Smith_
Michael C. Smith

**PLAINTIFF TWIN RIVERS' MOTION TO STRIKE DEFENSES**          **PAGE 10**